E-FILED
Tuesday, 05 May, 2026  11:12:09 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 26-cr-20020 |
| | ) | |
| vs. | ) | |
| | ) | |
| JULIUS BURKES, | ) | **MOTION TO APPOINT LEARNED COUNSEL** |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW Defendant Julius Burkes, by and through his attorneys, Andrea D. Jaeger of Keegan, Tindal & Jaeger, and pursuant to 18 U.S.C. § 3599(a)(1)(A), respectfully requests the appointment of Learned Counsel.  In support thereof, Defendant states as follows:

1.      On April 7, 2026, an Indictment was filed, alleging Obstruction of Commerce by Robbery, in violation of 18 U.S.C. § 1951(a) (count 1); Murder, in violation of 18 U.S.C. §§ 924(c), (j)(1), 1111(a) (count 2); Possession of Firearm and Ammunition by a Felon, in violation of 18 U.S.C. § 922(g)(1).  CM/ECF No. 1.  Also included was a Notice of Special Findings pursuant to 18 U.S.C. §§ 3591 and 3592, statutes providing for a death sentence.  *Id.*

2.      Title 18 U.S.C. § 3599 provides, in relevant part:

(a)(1) Notwithstanding any other provision of law to the contrary, in every criminal action in which a defendant is charged with a crime which may be punishable by death, a defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services at any time either-
(A) before judgment; or
(B) after the entry of a judgment imposing a sentence of death but before the execution of that judgment;
shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).
…
(d) With respect to subsections (b) and (c), the court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the

seriousness of the possible penalty and to the unique and complex nature of the litigation.

3.      Further, § 3005 provides:

Whoever is indicted for treason or other capital crime shall be allowed to make his full defense by counsel; and the court before which the defendant is to be tried, or a judge thereof, shall promptly, upon the defendant's request, assign 2 such counsel, of whom at least 1 shall be learned in the law applicable to capital cases, and who shall have free access to the accused at all reasonable hours. In assigning counsel under this section, the court shall consider the recommendation of the Federal Public Defender organization, or, if no such organization exists in the district, of the Administrative Office of the United States Courts. The defendant shall be allowed, in his defense to make any proof that he can produce by lawful witnesses, and shall have the like process of the court to compel his witnesses to appear at his trial, as is usually granted to compel witnesses to appear on behalf of the prosecution.

4.      The Guide to Judiciary Policy further provides for appointment of Learned Counsel.  *Guide to Judiciary Policy*, Vol. 7A, Appx. 2A § XIV(c), available at https://www.uscourts.gov/file/vol07a-ch02-appx2apdf.

5.      Mr. David Bruns has agreed to serve as Learned Counsel.  Mr. Bruns is admitted in Illinois, Missouri, Eastern District of Missouri, and Southern District of Illinois and serves on the CJA Panel in said federal districts.  Mr. Bruns' contact information is

Law Office of David Bruns, P.C.
225 South Meramec Suite 1100
Clayton, Missouri 63105-3596
(314) 832-0202
david@brunspc.com

6.      Mr. Bruns has represented clients in criminal defense in federal and state courts at all stages of proceedings, including conducting approximately 115 jury trials.  Mr. Bruns was co-counsel in nine cases in which the State of Missouri sought the death penalty at jury trial, and he has acted as "learned counsel" under 18 U.S.C. § 3005 for numerous defendants charged with death eligible offense in the U.S. District Court for the Eastern District of Missouri, Southern

District of Illinois, or Central District of Illinois, including a prior death penalty eligible matter with the below-signed in this District.  Mr. Bruns has specialized training and has managed experts in the areas of psychiatry, psychology, neuropsychology, ballistics, blood splatter, toxicology, pediatric pathology, jury consulting, and handwriting analysis.  Mr. Bruns has litigated motion related to the death penalty, and he regularly consults with the Federal Death Penalty Resource Counsel Project as well as Resource Counsel assigned to the Southern District of Illinois and Eastern District of Missouri.  Mr. Bruns has been a member of the CJA Panel for the Eastern District of Missouri since 2001 and Southern District of Illinois since 2017.  Further information can be found in Mr. Bruns' curriculum vitae, attached hereto as Exhibit A.

7.    The below-signed has consulted with the Federal Public Defender and the Federal Death Penalty Resource Counsel Project, who are agreeable with Mr. Bruns' requested appointment as Learned Counsel.

WHEREFORE Defendant requests appointment of Mr. David Bruns as Learned Counsel.

Respectfully submitted,

*/s/ Andrea D. Jaeger*
Andrea D. Jaeger
Keegan, Tindal & Jaeger
2322 E. Kimberly Rd., Ste. 140S
Davenport, IA 52807
Telephone: (319) 887-6900/563-355-6060
Facsimile: (319) 688-2754/563-355-6666
Email: andrea@keeganlegal.com

**ATTORNEYS FOR DEFENDANT**

**Certificate of Service**

The undersigned certifies that the foregoing instrument was electronically filed on May 5, 2026, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties to the above cause and to each of the attorneys of record herein at their respective addresses disclosed on the pleadings.

*/s/ Andrea D. Jaeger*